IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LEE WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 20-1129 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 22 and 24). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 21) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff's applications were filed in 2016. Administrative Law Judge ("ALJ"), Michael Carr, held a video hearing on November 20, 2018. (ECF No. 12-2, pp. 37-80). On April 25, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 16-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC") [2]

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.[3]  (ECF No. 22, pp. 15-18).  Specifically, Plaintiff concludes that the ALJ failed to "properly weigh and consider the medical evidence" regarding his surgeries due to Chiari malformation and related problems with his shut, as well as his headaches and his subjective complaints of pain.  *Id.* at p. 15.  Additionally, Plaintiff submits that the ALJ's determination that he would be off-task five percent of the workday is not supported by substantial evidence.  *Id.* at pp. 15-16.  In support of these conclusions, Plaintiff cites to evidence to support his position that he is disabled. To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*

[3]The ALJ found that Plaintiff has the RFC to perform light work but with certain exceptions. (ECF No. 12-2, pp. 22).

3

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, any argument in this regard is misplaced.

Nonetheless, after a review of the evidence, I find that ALJ properly considered the medical evidence regarding his surgeries related to his Chiari malformation and related issues, as well as his headaches. (ECF No. 12-2, pp. 22-27). An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.* There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, I note that a plaintiff need not be pain-free or symptom-free to be found not disabled.

An ALJ is charged with formulating the RFC based on *all* of the relevant evidence. 20 C.F.R. § §414.1545(a)416.945(a).  After a careful review, I find that is exactly what the ALJ did.  The ALJ formulated Plaintiff's RFC based on all of the evidence of record, discussing the medical evidence of record along with the other evidence, including Plaintiff's Chiari malformation, surgeries, shut problems, and headaches.  (ECF No. 12-2, pp. 22-27).  In so doing, the ALJ also explained why Plaintiff would be off task five percent of the workday – to "accommodate any limitations associated with the residual symptoms of Chiari malformation (which include his headaches)." *Id.*  at p. 26.  I am able to make a proper and meaningful review and find that substantial evidence supports the ALJ's RFC determination in this regard. (ECF No. 11-2, pp. 16-24). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  Therefore, remand is not warranted based on this argument.

Additionally, in accordance with the Regulations, an ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  Contrary to Plaintiff's assertion otherwise, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing and the ALJ considered the entire record and subsequent evidence. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").  Here, the ALJ weighed Dr. Saba's opinion, the state agency doctor, in consideration with all of the evidence of record and gave it great weight. *See,* ECF No. 12-2, pp. 16-30. Furthermore, he specifically explained how it was supported by the medical evidence, including evidence subsequent to Dr. Saba's opinion. (ECF No. 12-2, p. 27).  After a review of the evidence and the decision as a whole, I am able to make a proper and meaningful review and the ALJ's assessment is

supported by substantial evidence.  (ECF No. 12-2, pp. 16-30).  Therefore, remand is not warranted based on this argument.

Furthermore, in considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.  The ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c).  The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.  *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, contrary to Plaintiff's assertion otherwise, I find that the ALJ followed the proper method as set forth above.  (ECF No. 12-2, pp. 16-30).  The ALJ considered Plaintiff's statements and found them to be "not entirely consistent with the medical evidence and other evidence in the record."  (ECF No. 12-2, p. 23).  Specifically, the ALJ compared Plaintiff's statements to the medical evidence of record, the treatment records, objective tests, the opinion evidence, and his various activities of daily living.  (ECF No. 12-2, pp. 22-27).  Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's

decision that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record.  *Id.*  Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LEE WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  20-1129 |
| ) | |
| KILOLO KIJAKAZI,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 21st day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 21) is denied and Defendant's Motion for Summary Judgment (ECF No. 23) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.